On the issue as to the weight of the evidence we are bound by the rules of law, laid down on that subject in *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683; *Breese* v. *State,* 12 Ohio St., 146, 80 Am. Dec., 340; *Remington* v. *Harrington,* 8 Ohio, 507; *Higgins* v. *Drucker,* 22 C. C., 112, 12 C. D., 220.

The judgment of the common pleas court will be affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.

SOROCHAK, A MINOR, *v.* REED.
(Two Cases.)

402

(Decided November 26, 1928.)

Mr. A. W. Bell, for plaintiff in error.
Mr. Anthony F. Gaughan, for defendant in error.

VICKERY, J. The plaintiff in error, Michael Soro- chak, a minor, brings action No. 9006 to reverse a judgment that was rendered against him in the court of common pleas, and he likewise brings error in case No. 9205 to reverse a judgment rendered against him, and as they both grow out of the same matter they will be considered together.

The first was an action for damages resulting to the plaintiff in error, a boy about 10 years old, the action being brought by his next friend, by reason of an accident which happened on Scranton road close to Starkweather. The issues were made up, the case was tried to a jury, and the jury brought in a verdict for the defendant, and several errors are urged why that judgment should be reversed; but an examination of the record will convince one that about the only question that is involved is the weight of the evidence, the plaintiff alleging that the accident happened at the intersection of Stark- weather avenue and Scranton road, that the automo- bile which injured him was some distance up the street when he sought to get across, and that before

he got safely across, the car, being driven at a high rate of speed, struck him. There is some testimony that he was dragged clear across the street, and there was some testimony besides his own which corroborated the evidence as to the place where and the manner in which this injury occurred. The defendant, however, claimed that the accident happened 180 feet up Scranton road towards Auburn street, about midway between the two stops, and that the boy was playing with other boys on the street and ran out into the street and into the defendant's car, and, while he was knocked down by the car, that it was his own fault; that the car was going moderately and stopped within eight feet after the accident; and that he picked up the boy and drove down to Starkweather, and turned on Starkweather avenue and took the boy to the hospital, where he remained for some little time, but not long.

The evidence shows that the boy was fully recovered from the injuries he received.

Now the defendant was corroborated in his testimony as to the place where this accident occurred by at least one other witness, and perhaps more. The court submitted the case to the jury with a fair charge. He charged that the boy 10 years old might be guilty of contributory negligence, but was held only to such degree of care as boys of that age under similar circumstances are accustomed to exercise, and we think he charged properly with respect to the degree of care the defendant was called upon to exercise. It is true there is some criticism of the charge on the ground that the court did not say in so many words that the degree of care exercised by defendant must be commensurate with the appre-

hension and appreciation of the dangers by the plaintiff. In other words, that defendant was held to a little higher degree of care towards a child than he would be toward an individual of mature years. We think the statement in respect to the duty of the defendant was fairly well gauged in language that was understandable by the jury; nor was there any error in it so far as the court gave it. If there was any error, as claimed by the plaintiff's counsel, it was an error of *omission* rather than *commission*. We do not even say that there was any error at all, but in any event plaintiff's counsel did not ask the court to charge anything more than he did charge, even when the court asked of counsel whether there was anything further. Counsel for plaintiff and for defendant likewise agreed that there was nothing further to be said, at least they did not ask anything further, and the matter that the plaintiff seeks to interject in the charge, if it was erroneous, was a matter of omission rather than commission, and the court's attention not having been called to it, the error, if any, was cured. Anyway the jury brought in a verdict for the defendant, and we could not say that it is so manifestly against the weight of the evidence as to warrant a reviewing court in disturbing it.

Now a motion for a new trial was made in due season, and overruled, and during the next term, it seems, the plaintiff discovered more evidence, and so a petition was filed to set aside the judgment after term, and evidence was introduced upon this petition, and it was heard by the same judge that sat in the original case, and after hearing the evidence in the case, which is embodied in the bill of ex-

ceptions and brought into this court, he refused to open up the judgment, inasmuch as the newly discovered evidence was only cumulative. Some of it, it is claimed, was in the nature of rebuttal evidence, to rebut the statements of a witness who testified for the defense. It seems that one witness for the defendant in the original action was on the street right opposite where this accident occurred, and he described the accident in detail, testifying that he saw it all, and he located the accident at a particular place in the street where the defendant himself and other witnesses located it. On cross-examination this witness was asked how he happened to be looking that way, and he said because he was an electrician and an electric light pole was being erected in front of the fire station, which attracted his attention, and that he was looking towards that when he saw this accident. Now the rebuttal which was sought to be introduced was to the effect that a fireman stationed at the fire station there would testify that this pole had not been erected until long after the accident, and therefore that what this man testified to could not be true, which would rebut his testimony. The trouble is that this is upon an immaterial matter. The question was not whether an electric light pole was there, but whether this man saw this accident, and the matter of where this electric light pole was located was simply dragged out by the cross-examination. Apparently the witness thought he had to account for the fact that he was looking that way, so the contradiction was upon an immaterial point, for it did not matter whether the electric light pole was there or not; the question was whether this man saw the accident, and there is testimony that the accident did occur at this place.

The boys on cross-examination admitted that the accident did not happen on Starkweather avenue, but some distance up the street; so, examining this whole record, we do not see that the court did anything wrong in refusing to grant a new trial on this petition after term; at least, we cannot say that the court violated his oath of office and was guilty of an abuse of discretion.

If we understand the rule, either on motion during term or on petition after term, where a verdict can be set aside and a new trial ordered on the ground of newly discovered evidence, the new evidence must be of such character that, had it been before the jury, the jury must almost of necessity have found the other way. Taking all the newly discovered evidence in this case, even if the record had shown that due diligence had been observed, we do not think the new evidence would amount to anything more than additional evidence upon the same issue that was presented by both sides during the original trial of the case. In other words, it was merely cumulative, and, so far as rebuttal was concerned, it was upon a question which was not material.

Having gone over the whole record, we cannot see our way clear to disturb this verdict. There is no substantial error in the charge of the court, nor is the verdict so manifestly against the weight of the evidence that we would be warranted in reversing the judgment.

*The judgments in both cases are therefore affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.