SECCOMBE *v.* SLICKER.

(Decided October 17, 1929.)

*Mr. W. S. Ruff,* for plaintiff in error.
*Mr. Oscar M. Abt,* for defendant in error.

LEMERT, J.   On November 19, 1927, the plaintiff in error attended a football game at Lakeside Stadium at Meyers Lake.   After the game she was returning home, riding on the right-hand running board of a Ford coupe driven by her sister.   The defendant in error, Norman Slicker, had also attended the football game, accompanied by four or five of his young friends, and, in returning, his Studebaker sedan was being driven immediately behind the Ford coupe upon which plaintiff in error was riding.

The defendant in error saw the plaintiff in error standing on the running board from the time they left the football grounds until they reached the intersection of Tuscarawas street and Claremont avenue. When the automobile in which plaintiff in error was riding reached Claremont avenue, it turned to the right, intending to go north on Claremont avenue to the home of plaintiff's sister. Just as they reached the intersection of Claremont avenue, the defendant in error, instead of attempting to pass the automobile in which plaintiff was riding on the left-hand side, attempted to pass on the right-hand side, and, as a result, the front of defendant in error's automobile struck plaintiff in error, throwing her to the street and injuring her so that she was permanently disabled, having lost the sight of one eye, fractured her skull, broken her collar bone, and suffered other injuries to such an extent that she was confined to her bed for three or four months, and will perhaps never recover.

It is admitted in this case that there was and is an ordinance of the city of Canton prohibiting the riding on running boards of automobiles. There is also an ordinance in the city of Canton, and a law of the state of Ohio, prohibiting the passing of automobiles on the right-hand side, and there is an ordinance prohibiting the passing of automobiles at street intersections.

So it is admitted that the plaintiff in error had violated an ordinance, riding on the running board, and that the defendant in error had violated the state law and the ordinance of the city in passing plaintiff in error's automobile on the right-hand side.

The case was tried to a jury, and a general verdict was returned for the defendant in error.

A motion for a new trial was overruled and a petition in error was filed in this court.

Many grounds of error are alleged in the petition in error, but the grounds principally relied upon in oral argument and in the briefs in this case are two, namely:

(1) The court erred in refusing to charge the doctrine of the last clear chance rule.

(2) The court erred in admitting testimony offered by the defendant in error tending to prove negligence on the part of the driver of the automobile in which plaintiff was riding, and in refusing and neglecting to charge the jury that the negligence, if any, of the driver of the automobile, could not be imputed to the plaintiff in error.

From an examination of the record in the case at bar, we find that the traffic on Tuscarawas street West ordinarily is very heavy, and, as a result of the football game, was specially heavy on that particular day. The record shows that both the Ford automobile, upon the running board of which plaintiff was standing, and the defendant's automobile were traveling at a moderate rate of speed, and that at least until just before the accident both cars were traveling in their proper place on the right-hand side of the road. The record also discloses that there were other automobiles traveling from the west to the east at the time of the accident. The record discloses that at the time of the accident, as the defendant approached the intersection, the Ford car ahead of him, upon the running board of which the plaintiff was standing, turned to the left as though

to make a left turn, and the driver, as a result of this left turn on the part of the Ford car, kept going straight ahead, at which time the Ford car made an unexpected turn to the right at the point of the intersection, and the defendant at that instant, in order to avoid a contact with the Ford car, swung partly into Claremont avenue at the intersection, and then over the curb, and brought his car to a stop immediately ahead of the Ford car. There was some contact between the two cars and the plaintiff fell to the ground and was severely injured.

The testimony of the plaintiff herself shows that she was standing on the running board; that, in order to maintain her balance, it was necessary for her to hold onto some part of the Ford coupe, and that, in addition, her mother was holding her left hand in order to support her.

We note from the pleadings that on the morning of the trial the plaintiff filed an amended petition, in which was injected into this case the doctrine of the last clear chance rule.

This doctrine being the first ground of error relied upon, we find in applying the doctrine of last clear chance a very helpful case in *Cleveland Ry. Co.* v. *Wendt,* 120 Ohio St., 197, 165 N. E., 737, 739, wherein it is held:

"While the plaintiff in his petition pleaded the 'last clear chance' rule, there was no proof offered tending to prove a state of facts making the rule applicable to the plaintiff. Even if we assume that the defendant was negligent, as charged by the plaintiff, the proof discloses that the negligence of the plaintiff continued and concurred with the negli-

gence of the defendant, if there were such, in producing the injury.

"The 'last clear chance' rule presupposes antecedent fault or negligence on the part of the plaintiff; it does not apply in a case where the continuing negligence of the plaintiff and the concurring negligence of the defendant both contribute to produce the injury."

And it is held in *Drown* v. *Northern Ohio Traction Co.*, 76 Ohio St., 234, at page 248, 81 N. E., 326, 10 L. R. A. (N. S.), 421, 118 Am. St. Rep., 844, that this rule can be applied only in cases where the fault or negligence of the plaintiff is the remote and the fault or negligence of the defendant is the proximate cause of the accident.

It is apparent, therefore, that, where the evidence does not tend to prove a state of facts bringing the plaintiff within the rule of the last clear chance, she cannot rely upon it as a predicate for recovery. We also cite *Bejac* v. *Cleveland, Painesville & Eastern Ry. Co.*, 23 C. C. (N. S.), 475, 30 C. D., 662.

As to the further complaint that the court failed to charge on the question of imputed negligence, we note from the record that the court, at the conclusion of his general charge, inquired if there were any suggestions, and that there were none forthcoming from counsel for plaintiff. We further note that counsel for plaintiff specially excepted to the alleged failure of the court to charge on the question of imputed negligence. We understand the rule to be that, before any error can be claimed by reason of the failure of the court to charge in this respect, it is necessary for counsel to call the particular matter to the court's attention and give him an op-

portunity to refuse. *Sorochak, a Minor,* v. *Reed,* 31 Ohio App., 401, 166 N. E., 918, first paragraph of syllabus.

Keeping in mind that the verdict in this case was a general verdict for the defendant, under the pleadings and the reported testimony the jury might have arrived at their verdict because of varied or different reasons.

We believe and find the rule to be that, even though error may appear in the charge of a court, yet, if the verdict is general, and the verdict might have been arrived at on a proposition not involving the claimed error, then no prejudice has resulted. We also note that there is no claim made that the verdict of the jury was manifestly against the weight of the evidence. Therefore it follows that we find no error in the record prejudicial to the rights of the plaintiff in error, and the judgment and finding of the court below will be, and the same hereby is, affirmed.

*Judgment affirmed.*

HOUCK and SHERICK, JJ., concur.