## MOSSHOLDER v HEAD

Ohio Appeals, 5th Dist, Knox Co

No 346. Decided Nov 16, 1932

LEMERT, J.

On all of these propositions in the court below there was sharp conflict in the testimony. It was the province and duty of

the jury to determine the disputed questions of fact. These questions were determined in favor of the defendant in error, and from an examination of the record before us, we are of the opinion that there was ample evidence to support each of these allegations of negligence. We cannot agree with counsel for plaintiff in error that the verdict is against the manifest weight of the evidence, there being nothing in the record to show that the jury was swayed by passion or prejudice or actuated by any improper motives or the suggestion of any improper influences. The verdict is not excessive when the testimony of Dr. Cosner is taken into consideration together with the testimony of the plaintiff, her mother and sister. We believe the jury was fully warranted in finding in the amount as shown by their verdict.

Plaintiff in error presents three special instructions and the court below gave the first and second and refused to give special instructions Number three, which is in the following language:

"If you find from the evidence in this case that the paved portion of the road was of ample width to permit the passing of an automobile therefrom with safety, then the phrase, the improved portion of the road, as used in §6310-27 GC means the paved portion of the road."

We believe the law upon this question was clearly and explicitly stated by the court in the oral charge.

Plaintiff in error suggests that it was the duty of the trial court to have instructed the jury further with reference to the degree of care required of the defendant in error in driving with her dimmers on. We note the court charged the jury in substance,

"That it was the duty of the driver when meeting with another car to dim the head lights."

and counsel for plaintiff in error insists that under this instruction the jury might have taken the impression that the driver would be excused from seeing an obstruction by reason of inferior lights, overlooking or forgetting the mandatory provisions of §§6310-1, 6310-27 and 12614-3 GC. We are of the opinion that the jury was not mislead by the court's charge in this particular.

It is further contended both in brief and oral argument that the court should have charged on the matter of an emergency. An examination of the record before us does not disclose that an emergency existed. The testimony does disclose the fact that after the blow out occurred, the truck was driven about one thousand feet and was going at about the rate of twenty or twenty-five miles an hour at the time of the blow out. So that if the driver could drive his truck one thousand feet before stopping, he could have driven it far enough to the side of the road to have had it out of the way of all vehicles. We are of the opinion that as long as a vehicle can be moved under its own motive power, an emergency does not exist and any instructions in the instant case as to what constituted an emergency would have been unwarranted and erroneous.

The further contention is made that the court should have charged the jury on the question of what is the improved portion of the highway? From an examination of the charge, it is evident to us that the court followed the case of **Doran v Bethards, 26 Oh Ap, 426, (6 Abs 407)** and counsel for plaintiff in error urged that the court should have instructed the jury as to what portion of the highway is the improved portion.

In the above case the court charged the jury as follows:

"I think the statutes I have just read need no further explanation except the last one, which provides that a driver must stop with the front and rear right wheels within one foot of the right hand side of the improved portion of the road. It then becomes necessary for the jury to determine which is the improved portion of the highway. The highway itself is the entire space between the private property on each side and not necessarily and not often, in fact, is it limited to the traveled portion of the road. It is for the jury to say in this case whether the improved portion of the road is only that portion which is concrete or whether it includes the berm along the side of the concrete portion of the highway."

The court in the case referred to charged the jury that

"The improved portion of the highway is that portion which has been provided and designated for the use of traffic and is so regularly used. With that definition in mind you will apply it to the evidence and facts as they existed at this point and de-

termine whether or not the truck of the defendant was parked in requirement with the law."

A further examination of the petition before us, we note that there were three distinct acts of negligence alleged in the petition. The verdict of the jury was a general verdict, and under the well established two issue rule, in the absence of special interrogatories submitted to the jury, counsel can not now complain, even if the court could have committed error in charging on one of the acts of negligence, citing Armour & Co. v Uhler, decided August 19, 1931 in 178 NE Reporter, 596, this case is instructive in a determination of the several questions involved in the instant case.

This court in the case of **Seccombe v Slicker, 35 Oh Ap, 289, (9 Abs 537)** adopted and followed the two issue rule. At page 394 it will be noted the following:

"We believe and find the rule to be that even though error may appear in the charge of the court, yet if the verdict is general and the verdict might have been arrived at on a proposition not involving the claimed error, then no prejudice has resulted."

While we are of the opinion that there was not any error in the charge, but cite the above authorities and there are numerous others that could be cited for the purpose of showing that even though there be error in the charge of the court, it would not show that the judgment in the instant case should be reversed.

The defendant in error while driving along the public highway had a right to assume that all other users of the highway would use it in a lawful manner, and that if it became necessary to stop, would stop in a lawful manner and would park in the manner prescribed by law.

From the pleadings and the general charge of the court, we are of the opinion that the issues were sufficiently and properly defined and the law pertaining thereto correctly charged. It, therefore, follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.