## A CORRECTION
The last word in first headnote to Ostrow v Cohle, 14 Abs 544, should be "unnecessary."

### HABERMEHL v HABERMEHL

Ohio Appeals, 7th Dist, Monroe Co

No 272.   Decided Nov 22, 1933

Moore, Moore & Moore, Woodsfield, for plaintiff in error.

Roy L. Lewis, Woodsfield, and Matz & Matz, Woodsfield, for defendant in error.

## OPINION

By FARR, J.

It readily becomes apparent, that it is the desire of the plaintiff in error, to again bring the subject matter of the original action before this court for review, and this possibly, because the petition in error was not filed within the time in the original cause. The ground urgently insisted upon, is as before stated, newly discovered evidence or impeaching evidence.

However, it may be observed that the record discloses that had the plaintiff in error used due diligence in the court below, the evidence now insisted upon as the basis for a new trial might have been adduced. A number of these parties were relatives, who were fully cognizant of the facts and likewise the plaintiff in error.

Upon an examination of the same it is disclosed, that the newly discovered evidence is not of such character as would warrant the granting of a new trial upon that ground.

A case well upon the point and to which attention is called is **Michael v American National Bank, 84 Oh St 370**, the first and second propositions of the syllabus reads as follows:

"1. Where a cause has proceeded to trial and final judgment, a court of equity will not vacate or open up the judgment and grant a new trial of the same issue determined in the former hearing, in the absence of fraud or undue advantage by the prevailing party.

2. The fraud or undue advantage for which a court of equity will set aside a judgment or decree, must consist of extrinsic acts outside of and collateral to the matter actually tried by the first court and not related to the matter concerning which the judgment or decree was rendered."

Another case of interest is **Sorochak v Reed, 28 OLR 142, (7 Abs 423)**, where, in the second proposition of the syllabus, it is held:

"The overruling of a petition, filed after term, to set a judgment aside on the ground of newly discovered evidence, is in the discretion of the court properly overruled where the new evidence proves to be only cumulative or in rebuttal of an immaterial issue."

Another case worthy of mention is **Briggs v Riley, 7 N.P. 651**, and another is **Reed et v McGrew, 5 Oh St 387**.

It would be unnecessary and superfluous to enter upon a further or detailed discussion of this matter. Following the rule announced in the above cases, it follows that the judgment in the instant case must be affirmed, and is so ordered.

Judgment affirmed.

ROBERTS and POLLOCK, JJ, concur in the judgment.