Jones, J.
 

 Seldom has a case been presented to
 
 *201
 
 this court where a recovery of damages had so little merit as this case develops. In its opinion the Court of Appeals frankly states that it might have come to a different conclusion from that arrived at by the jury had it been the triers of fact in the first instance. Counsel for plaintiff in error make the single complaint that the trial court should have sustained its motions for a directed verdict. For that reason we have recited the facts in greater detail than usual, and have given the account of the accident as related by the plaintiff himself. In the disposition of the case we are accepting as true the testimony of the plaintiff and the reasonable inferences deducible therefrom by fair-minded men.
 
 Jacoh Laub Baking Co.
 
 v.
 
 Middleton,
 
 118 Ohio St., 106, 160 N. E., 629.
 

 Excessive speed of -the car was not an issue, since it was not pleaded as a proximate cause of the accident ; the plaintiff himself testifying that it was approaching him at a normal rate of speed. Negligence in failing to give warning of its approach was pleaded as one of the proximate causes of the accident. However, the plaintiff testified that, prior to crossing the street, not only was he warned of the car’s approach by Ormonde, his companion, but that he saw the car twice before he attempted to pick up his bundle. The plaintiff cannot complain of the failure to give warning of such approach, for he testified that he saw and knew of the approach in ample time to save himself from injury. For authorities upon that point see
 
 Pennsylvania Rd. Co.
 
 v.
 
 Lindahl, Admr.,
 
 111 Ohio St., 502, 507, 146 N. E., 71. Any warning given by the motorman would have given Wendt no more information than he al
 
 *202
 
 ready had about the approaching car. That is obvious, and in a similar situation the same concept was expressed in
 
 Youngstown & Suburban Ry. Co.
 
 v.
 
 Faulk,
 
 114 Ohio St., 572, 576, 151 N. E., 747. The street car was fully lighted, going at a normal rate of speed, and, although approaching a nonstop crossing, it did stop at least within the length of the car. It is impossible to escape the conclusion that it was the negligence of the plaintiff that proximately caused his injury, and, since there was no proof of wanton or willful negligence on the part of the defendant, it was the duty of the trial court to direct a verdict for that reason.
 
 Youngstown & Suburban Ry. Co.
 
 v.
 
 Faulk,
 
 118 Ohio St., 480, 161 N. E., 530. The trial court should have sustained the motion of the defendant for a directed verdict also for the reason that the plaintiff’s own testimony not only raised a presumption of contributory negligence upon his part,* which he failed to remove, but disclosed an extreme lack of the ordinary care which reasonably prudent men would have exercised under the same or similar circumstances. Although the testimony of disinterested witnesses disputes plaintiff’s claim of dropping the bundle and being struck by the car in the manner testified to by him, yet, if his testimony were true, he could not recover. The bundle which he carried was from 24 to 28 inches in length, 1% inches thick, and a pound and a half in weight. Self-preservation is the first law of nature; the plaintiff, according to his own narration of the incident, hazarded his life to recover property of but little value, and took upon himself a risk in the presence of a danger known to be imminent. A different situation might arise and a justifiable excuse
 
 *203
 
 be accorded had the effort of Wendt been made, under the same circumstances, not to retrieve a bundle of small value, but to save human life. Had such been the case, an entirely different aspect would be presented. In such event, his act would not be negligence
 
 per se,
 
 and would not be negligence in fact, if the jury found that the rescuer did not rashly or unnecessarily expose himself to danger. Nor is the rescuer charged in such case with errors of judgment resulting from the excitement and confusion of the moment.
 
 Pennsylvania Co.
 
 v. Langendorf, 48 Ohio St., 316, 28 N. E., 172, 13 L. R. A., 190, 29 Am. St. Rep., 553;
 
 Eckert, Admr.,
 
 v.
 
 L. I. Rd. Co.,
 
 43 N. Y., 502, 3 Am. Rep., 721;
 
 Dixon
 
 v.
 
 N. Y., N. H. & H. Rd. Co.,
 
 207 Mass., 126, 92 N. E., 1030;
 
 Perpich
 
 v.
 
 Leetonia Mining Co.,
 
 118 Minn., 508, 137 N. W., 12. Wendt acknowledged that he was in a position of peril; that he “guessed it was too late” to pick up the bundle that he had dropped; and manifestly he cannot charge his errors of judgment to the defendant below. The only excuse advanced by him when asked why, when he saw the car approaching him at a distance of two hundred or two hundred and fifty feet, he did not sooner pick up his bundle, was that it took him twice as long to stoop as it did when he was a younger man. But this fact was known to him, and should have been taken into consideration by him while he was acting under a peril he knew to be imminent. Where plaintiff’s own testimony discloses negligence on his part contributing directly to his injury, or where the evidence offered in his behalf fails to rebut the presumption of negligence arising therefrom, it is the duty of the trial court to sustain a motion for a
 
 *204
 
 directed verdict in favor of the defendant.
 
 B. & O. Rd. Co.
 
 v.
 
 McClellan, Admx.,
 
 69 Ohio St., 142, 68 N. E., 816;
 
 Cleveland, C., C. & St. L. Ry. Co.
 
 v.
 
 Lee, Admr.,
 
 111 Ohio St., 391, 145 N. E., 843;
 
 Buell, Admx.,
 
 v.
 
 N. Y. Cent. Rd. Co.,
 
 114 Ohio St., 40, 150 N. E., 422.
 

 While the plaintiff in his petition pleaded the ‘ ‘ last clear chance” rule, there was no proof offered tending to prove a state of facts making the rule applicable to the plaintiff. Even if we assume that the defendant was negligent, as charged by the plaintiff, the proof discloses that the negligence of the plaintiff continued and concurred with the negligence of the defendant, if there were such, in producing the injury.
 

 The “last clear chance” rule presupposes antecedent fault or negligence on the part of the plaintiff; it does not apply in a case where the continuing negligence of the plaintiff and the concurring negligence of the defendant both contribute to produce the injury.
 
 Drown
 
 v.
 
 Northern Ohio Traction Co., 76
 
 Ohio St., 234, 81 N. E., 326, 10 L. R. A. (N. S.), 421, 118 Am. St. Rep., 844. The rule only applies where the fault or negligence of the plaintiff is the remote and the fault or negligence of the defendant is the proximate cause of the accident. It cannot possibly apply to the following hypothetical case: For example, let us assume that A and B, driving separate automobiles simultaneously approaching a crossing on converging streets or highways, are each guilty of concurring negligence in failing to observe the approach of the other’s vehicle, when by the use of ordinary care each driver “could have seen” or “ought to have seen” the other’s approach. It is
 
 *205
 
 obvious that neither driver could recover under the rule of last clear opportunity upon the theory that the other driver “ought to have seen” him had he used ordinary care. For, if A could recover against B on any such premise, B could likewise recover from A — a situation producing a legal absurdity. It is apparent, therefore, that, since the evidence did not tend to prove a state of facts bringing the plaintiff below within the rule of the last clear chance, he cannot rely upon it as a predicate for recovery.
 

 The motions of the defendant for a directed verdict should have been sustained. Proceeding to render the judgment the courts below should have entered, the judgment of the Court of Appeals is reversed, and judgment is rendered for plaintiff in error.
 

 Judgment reversed and final judgment for plaintiff in error:
 

 Marshalu, C. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.