Jones, J.
 

 Since the decision by this court of
 
 West, Recr.,
 
 v.
 
 Gillette, Admr.,
 
 95 Ohio St., 305, 165 N. E., 521, some of our nisi prius courts have had difficulty in applying the “last clear chance” doctrine in the trial of personal injury cases. The records of this court disclose that the appellate courts have* less difficulty, and generally adhere to the rule that, where the plaintiff and defendant both are negligent, and the former’s negligence places him in a perilous situation from which he cannot escape, the plaintiff still may recover, even though he negligently placed himself in such situation, if the defendant did not exercise ordinary care after the discovery of his peril. Various cases involving the application of the “last clear
 
 *47
 
 chance ’ ’ rule have, from time to time, appeared on the motion docket of this court, and in such cases this court has generally given its sanction to the rule stated in
 
 Erie Railroad Co.
 
 v.
 
 McCormick, Admx.,
 
 69 Ohio St., 45, 68 N. E., 571. A recent case knocking at our doors for certification was
 
 Ross
 
 v.
 
 Hocking Valley Ry. Co.,
 
 reported by the Court of Appeals of the Second District in 40 Ohio App., 447, 178 N. E., 852. We do not generally allude to appellate opinions in our reported cases, but we shall refer to that case because it discloses the attitude of this court upon the subject in controversy. The fifth proposition of the syllabus in the
 
 Ross case
 
 reads: “Recovery is permitted under last clear chance doctrine only where defendant failed to exercise ordinary care to avoid injury after becoming actually aware of injured person’s peril.” Citing Ohio and other authorities upon the subject, the appellate opinion definitely listed this state as one adhering to the rule permitting recovery “only where defendant fails to exercise ordinary care to avoid the injury after becoming actually aware of the peril of the injured person.”
 

 The “last clear chance” doctrine was thoroughly discussed by the author of this opinion in the
 
 Gillette case, supra.
 
 In his opinion he stated that there were cases in other jurisdictions at variance with the Ohio decisions upon this subject; but that Ohio had been definitely placed in the category of those jurisdictions requiring actual knowledge and appreciation of the plaintiff’s peril, where the plaintiff himself negligently caused his perilous situation. The cases upon this subject may be found in the notes attached to the various text-books upon the subject, viz., 45 Corpus Juris, 990; 20 Ruling Case Law, 142; 7 Supp. Ruling Case Law, 4845.
 

 The
 
 McCormick case, supra,
 
 has never been over
 
 *48
 
 ruled; for twenty-nine years it has been the law of this state. The third proposition of the syllabus in that case reads: “In an action against a railroad company by one who, by his own fault is upon its track and in a place of danger, to recover for a personal injury caused by the failure of its employes operating one of its trains to exercise due care after knowledge of his peril, it is necessary to show actual knowledge imputable to the company.
 
 Railroad Co.
 
 v.
 
 Kassen,
 
 49 Ohio St., 230, [31 N. E., 282, 16 L. R. A., 674], distinguished.” In the course of his opinion, Shauck, J., said, at page 55, that, by embodying into the instruction given the phrase, “if the engineer in charge of the train ought, by the exercise of ordinary care, to have seen the deceased in his perilous position,” the court gave the jury an erroneous view of the law. An inspection of the
 
 Kassen case
 
 clearly discloses that propositions 1 and 3 of the syllabus of that case are inconsistent; but the court in the
 
 McCormick case
 
 distinguished the
 
 Kassen case,
 
 and, while adhering to the rule of actual discovery, applied the Kassen syllabus to a state of facts which disclosed that the railroad company had actual notice of Kassen’s peril. It is apparent that in the
 
 McCormick case
 
 this court did not approve the first proposition of the syllabus in the
 
 Kassen case, supra;
 
 and, since that proposition is clearly inconsistent with the third, the first proposition therein is disapproved.
 

 A later case involving the same subject, also adhering to the rule announced in the
 
 McCormick case,
 
 was that of
 
 Pennsylvania Co.
 
 v.
 
 Hart,
 
 101 Ohio St., 196, 128 N. E., 142. There the plaintiff had properly pleaded the “last clear chance,” but, there being no evidence to support a state of facts giving rise to the rule, the trial court struck the allegations from the amended pleading, but failed to withdraw inconsistent and erroneous special instructions pertaining to the
 
 *49
 
 last chance from the jury, two of which in effect charged that, even if the jury should find the plaintiff guilty of negligence, plaintiff still had a right to recovery if the engineer in charge of the train could have avoided the accident by the use of ordinary care. These requests, having been given to the jury at the instance of the plaintiff, and not having been withdrawn from their consideration, tended to mislead the jury. In the course of his opinion, the late Judge Robinson said at page 200: “For the defendant in error to have brought himself within the rule and to have entitled himself to a charge of the court upon the subject, the evidence must have tended to show that, while his negligence may have contributed toward getting him in the position of danger, all negligence on his part had ceased for a sufficient time prior to the accident to have enabled the plaintiff in error,
 
 after it hneiv of his situation of peril,
 
 to have avoided the accident.” (Italics ours.) The case of
 
 Toledo, Columbus & Ohio River Rd. Co.
 
 v.
 
 Miller,
 
 108 Ohio St., 388, 140 N. E., 617, was decided upon grounds other than those embracing the doctrine of the last clear chance. The trial court had charged, in substance, that if the jury found that the plaintiff was negligent, he could recover if the engineer of the defendant’s train “does see, or ought to be able to see, a person in danger.” Upon that feature of the case, Day, J., said, at page 394: “At any rate, no matter what may have been in the mind of the trial court, we do not approve of the paragraph as a statement of the ‘last clear chance,’ ” etc.
 

 It would only incumber this opinion should we cite the very large number of cases supporting the rule of “actual discovery of peril” announced in the
 
 McCormich case, supra,
 
 but it may not be amiss to allude to the syllabi in a few of them.
 

 “The ‘last clear chance doctrine’ applies only where
 
 *50
 
 defendant had actual knowledge of plaintiff’s peril in time to prevent injury by the diligent use of the means at hand.”
 
 Emmons
 
 v.
 
 Southern Pac. Co.,
 
 97 Or., 264, 191 P., 333.
 

 “In order to make one liable under the last clear chance doctrine, he must not only be aware of the danger in time to avert it, but must also know or have reason to believe that the injured party is oblivious of the danger and is in a position where he cannot extricate himself from it.”
 
 Wallis
 
 v.
 
 Southern Pac. Co.,
 
 184 Cal., 662, 195 P., 408, 15 A. L. R., 117.
 

 “In an action for damages on account of the alleged negligent act of defendant, it is error for the court to charge the jury that the plaintiff may recover notwithstanding his contributory negligence, if the defendant failed to exercise reasonable care to avoid the injury after it discovered, or by the exercise of reasonable care might have discovered, that an accident was imminent.”
 
 Oklahoma City Ry. Co.
 
 v.
 
 Barkett,
 
 30 Okl., 28, 118 P., 350.
 

 In the case of
 
 Miller
 
 v.
 
 Traction System,
 
 44 S. D., 405, 406, 184 N. W., 233, the latter part of the syllabus reads: “A fair statement of ‘last clear chance’ theory is, that notwithstanding plaintiff’s negligence put him in peril, yet if his danger is not perceived by defendant in time to exercise ordinary diligence such as will avoid injury, defendant is not liable; said theory being based on fact that defendant actually knew of the danger — not on proposition that he could have discovered plaintiff’s peril but for remissness on his part; under which rule defendant is not liable because he ought to have known.”
 

 These and a multitude of other cases cited in numerous text-books embody charges on the last chance similar to the one given in this case, to the effect that, if the jury should find that the plaintiff placed himself in a position of peril by his own negli
 
 *51
 
 gence, he could still recover if the jury should find that the defendant “ought to have become” aware of his peril in the exercise of ordinary care. Such cases do not support that statement of the last chance rule.
 

 In
 
 Cleveland Ry. Co.
 
 v.
 
 Wendt,
 
 120 Ohio St., 197, 165 N. E., 737, this court unanimously approved the following statement in its syllabus: “The ‘last clear chance’ rule presupposes antecedent fault or negligence on the part of the plaintiff.” And, citing authorities in its support, the Supreme Court of Colorado likewise held: “There is no place for an instruction on the last clear chance rule, where there is no contributory negligence on the part of the plaintiff.”
 
 Campion
 
 v.
 
 Eakle,
 
 79 Colo., 320, 246 P., 280, 47 A. L. R., 289. It is only in those cases of prior negligence on plaintiff’s part, not actively continuing to the time of injury, that the last chance rule applies. If the rule should be so applied as to give rise to the duty of exercising the same care at all times, towards a plaintiff who has been negligent and one who has not been, then the negligent plaintiff has been placed on the same plane of advantage as the one who is free from negligence.
 

 The record discloses that there were two real, vital issues in this case: First, was the plaintiff negligent and did his negligence cause him to be placed in a perilous situation upon the track of the company; and, second, if he were found to be thus originally negligent, but his negligence had ceased and was not continuing, did defendant use ordinary care to prevent injuring him after discovering him in that perilous situation? It appears that the plaintiff was struck, not at a street crossing, but between street intersections. From his own testimony it appears that, while he had stopped at the south curb before crossing the street, he observed an automobile approaching the east, and that, after starting to cross the street,
 
 *52
 
 lie did not again look either to the east or to the west. It was for the jury to determine whether his conduct on that occasion, under the circumstances, was careless or otherwise; and, if careless, whether his carelessness, combined with that of the automobile driver, was the proximate, or the remote, cause of the accident. The perilous situation of the plaintiff was not created by the defendant; nor could defendant or its motorman reasonably have anticipated that the approaching east-bound automobile would strike the plaintiff and hurl him into the air over and upon the track in front of the advancing street car. Under such an emergency, it at once became the duty of the motorman to exercise such care as prudent men would have used under the same circumstances, after he saw and appreciated the peril; and if, with that knowledge, he did not use such care, then the negligence of the motorman became not the remote, but the proximate, cause of the accident, and the railway company would be liable.
 

 This court has held: “Since the plaintiff can recover only upon the allegations of his petition, he cannot recover upon negligence which warrants the application of the rule of ‘last chance,’ without alleging it in his petition.”
 
 Drown
 
 v.
 
 Northern Ohio Traction Co.,
 
 76 Ohio St., 234, 81 N. E., 326, 10 L. R. A. (N. S.), 421, 118 Am. St. Rep., 844. And in the
 
 Hart case, supra,
 
 we held that it was error to charge upon the rule of the last clear chance, if there was no evidence supporting a state of facts bringing the case within the rule. The amended petition does not state that the motorman saw the perilous situation of plaintiff in time to avoid injuring him. It alleges that he “saw or by the exercise of ordinary care could have seen.” In other words, it is tantamount to an allegation that he either saw or could have seen the plaintiff in a situation of peril; and upon this phase of the case the allegation in the pleading has no higher virtue than the
 
 *53
 
 charge of the court couched in similar language. In order to support a pleading based on recovery after actual discovery of the peril, it is necessary to plead facts definitely giving rise to a situation permitting recovery after an awareness of peril. We see no reason why a plaintiff may not plead a case of the usual, ordinary negligence and also plead a state of facts invoking the rule of the “last clear chance,” if he believes he can prove facts invoking the application of the rule. There is no inconsistency in so pleading; nor need the pleader confess his own negligence in order to invoke the rule. The pleader is thereby safeguarded by pleading and proof that fit whatever aspect the proof in the case assumes. But, adopting the caution expressed in the
 
 Drown case, supra,
 
 at page 249, the last clear chance rule, whether invoked by pleading or charged by the court, should be used with discrimination and not applied “as. a hit or miss rule in every case involving negligence.”
 

 The defendant in error, plaintiff below, invokes the two issue rule to sustain his judgment under the principle announced in
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, and other cognate cases more recently decided by this court. The journal entry is unique and unusual, reciting that the jury “find for the plaintiff,” not that it finds for him “on the issues joined.” But, assuming that the verdict had been a general one, finding for the plaintiff on the issues joined, it is obvious that the two issue rule would not apply. The plaintiff was required to prove the negligence of the defendant before he could recover; and, since the jury’s verdict finding the defendant to be negligent may have been based solely upon the court’s erroneous instructions as to the degree of care required of the motorman under the last chance rule, it can well be assumed that such instructions provoked the verdict.
 

 For the reason stated, the judgments of the courts below are reversed, and the cause will be remanded to
 
 *54
 
 the trial court for further proceedings according to law.
 

 Judgment reversed.
 

 Matthias, Day, Kinkade and Stephenson, JJ., concur.
 

 Marshall, C. J., and Allen, J., concur in the judgment.