Marshall, C. J.,
 

 concurring. I concur in the judgment of reversal in this case, upon the sole ground that the issue of the last clear chance doctrine was not made by the pleadings, and it was therefore reversible error to receive evidence upon that issue, and was also error to instruct the jury upon that issue. I cannot concur in any of the syllabi, and must dissent from the declarations of law in each of the five syllabi. I shall briefly state the reasons for my dissent.
 

 The first, second, third and fourth syllabi relate to the rule of the last clear chance doctrine, but none of them places the reversal upon the grounds stated in
 
 Drown
 
 v.
 
 Northern Ohio Traction Co., 76
 
 Ohio St., 234, 81 N. E., 326, 10 L. R. A. (N. S.), 421, 118 Am. St. Rep., 844. The instant case is exactly parallel in all material aspects to the
 
 Drown case,
 
 and the judgment in the instant case might well have been reversed upon the authority of that case, without further comment. Inasmuch as the last clear chance doctrine was not pleaded in the instant case, it would seem to be improper to discuss the elements of that doctrine, or to attempt to state those elements in a syllabus, but, in as much as that course has been followed in the case, those syllabi must be made the basis of the discussion in this dissent.
 

 It is assumed in the majority opinion that the rule of last clear chance has become established in this state, as permitting recovery only if the defendant did not, after becoming aware of plaintiff’s perilous situ
 
 *55
 
 ation, exercise ordinary care to avoid injuring him. This is the statement of the first syllabus, and the second syllabus cites
 
 Erie Railroad Co.
 
 v.
 
 McCormick,
 
 69 Ohio St., 45, 68 N. E., 571, as authority for such declaration of the rule. I am of the opinion that the doctrine of last clear chance has been definitely declared in this state, but it cannot be said that it has become definitely settled. It seems to be a much mooted question among lawyers, among trial judges, among the different Courts of Appeals, and among the members of the Supreme Court. The rule was definitely declared in the parent case in Ohio on the subject of last clear chance, viz.,
 
 Railroad Co.
 
 v.
 
 Kassen,
 
 49 Ohio St., 230, 31 N. E., 282, 16 L. R. A., 674, in the first syllabus:
 

 “It is a well settled rule of the law of negligence, that the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of the injury of which he complains, if the defendant, after he became aware or ought to have become aware, of the plaintiff’s danger, failed to use ordinary care to avoid injuring him, and he was thereby injured.”
 

 The doctrine of last clear chance had its genesis in 1842, in
 
 Davies
 
 v.
 
 Mann,
 
 10 M. & W., 546, 152 Eng. Rep. Reprint, 588, and had its advent in the United States soon thereafter. It was introduced into the jurisprudence of Ohio in the
 
 Kassen case
 
 in 1892. I confidently assert that the first syllabus of the
 
 Kassen case
 
 has never been changed in the syllabus of any case decided by this court in which the doctrine of last clear chance was involved.
 

 The majority opinion refers to the case of
 
 Erie Rd. Co.
 
 v.
 
 McCormick, Admx.,
 
 69 Ohio St., 45, 68 N. E., 571, and asserts that upon the authority of the third syllabus in that case there can only be a recovery by a plaintiff where the defendant had actual knowledge of the plaintiff’s peril. That case was not a last chance case, and the learned jurist who wrote the
 
 *56
 
 opinion in that case did not even claim that it was. That doctrine is nowhere discussed either in the syllabus or opinion. It is true that the third syllabus unexplained would seem to declare upon the doctrine, but a study of the facts of the case and the discussion of the law applied to those facts in the opinion clearly show that the case was decided upon an entirely different principle. McCormick was an employee of the railroad. He was.killed while serving as a track walker and by being caught upon a bridge and killed by a passing train. The case was decided upon the principle of assumption of risk. In that case there could only be a liability on the part of the company if the servants operating the train actually knew of McCormick’s peril, and this is for the sole reason that the train was being operated upon the premises of the railway company at a place where there was no obligation on the part of the engineer to maintain a look-cut. If McCormick had been a pedestrian, or the driver of a vehicle at a railroad crossing where there was an obligation to maintain a lookout, the rule stated in the third syllabus could not have been applied. The McCormick case has never been regarded as a; last clear chance case. It has never been cited on the subject of last clear chance by any text-writer, or in any legal cyclopedia or digest. It is stated in the opinion that McCormick’s administrator could only recover upon the ground of willfulness or wantonness, and of course those grounds of recovery can only apply where the defendant had actual knowledge.
 

 We need not conjecture as to the true significance of the
 
 McCormick case.
 
 Four years after that decision was rendered, this court, with only one change in the personnel of the court, had an opportunity to speak. The case of
 
 Pittsburgh, C., C. & St. L. Ry.
 
 v. Hall, 16 O. D. (N. P.), 62, was decided by the superior court of Cincinnati, general term, in July, 1905, less than two years after the decision of the
 
 McCormick
 
 
 *57
 

 case
 
 by this court. That court, speaking through Hoffheimer, J., declared that the rule was correctly stated in the
 
 Kassen case,
 
 and did not follow the
 
 McCormick case,
 
 because the court thought it did not apply. The principle declared in the superior court in the
 
 Hall case
 
 was that a charge given by the trial court in the following language was correct:
 

 “I charge you that it is a well settled rule of the law of negligence that the plaintiff may recover notwithstanding his own negligence may have exposed him to the risk of the injuries of which he complains, if the defendant after he became aware, or ought to have become aware, of the plaintiff’s danger failed to use ordinary care to avoid injuring him, and he was thereby injured.”
 

 This is exactly in line with the Kassen last chance declaration, and is diametrically opposed to the third syllabus of the
 
 McCormick case;
 
 yet by the majority of the superior court at general term that language was approved and the judgment affirmed. Thereupon the case was promptly carried to this court, where the judgment of the superior court was affirmed without report, on December 21, 1906, in
 
 Hall, Admx.,
 
 v.
 
 P., C., C. & St. L. Ry. Co.,
 
 75 Ohio St., 621, 80 N. E., 1127. We therefore have the opinion of the members of this court who concurred in the
 
 McCormick case
 
 that it did not apply, except in those cases where, independent of the last chance doctrine, it was necessary that the defendant have actual knowledge of plaintiff’s peril.
 

 If this evidence is not convincing, there is some further corroborating evidence. The case of the
 
 Cincinnati Traction Co.
 
 v.
 
 Jennings, Admx.,
 
 19 O. D. (N. P.), 338, 7 N. P. (N. S.), 462, was heard in the superior court of Cincinnati, general term, March 20, 1907, and again Judge Hoffheimer followed the rule in the
 
 Kassen case
 
 and approved the following charge of the trial court:
 

 “That is, the car must be in the power, dominion
 
 *58
 
 and government of the motorman, to such an extent that when he saw this vehicle on the track, or when by the exercise of ordinary care in his duty of looking out and watching for vehicles, he ought to have seen this cab on the track, he could stop his car within a reasonable time and reasonable distance, so as to avoid, if possible, the collision.”
 

 That decision was also taken to the Supreme Court on error and affirmed without report. 79 Ohio St., 435, 87 N. E., 1132. It cannot be said that these two cases were not fairly brought to the attention of the Supreme Court, because in each of those cases there had been a dissenting opinion in the Circuit Court, a circumstance which called for careful review in the Supreme Court. These cases have an added significance by reason of the concurrences. In the
 
 McCormick case,
 
 the concurrences were Shauck, Burket, Spear, Davis, Price and Crew. In the
 
 Hall case,
 
 the court at the time sitting in two divisions, the concurrences were Summers, Davis and Price. In the
 
 Jennings case,
 
 the court sitting
 
 en banc,
 
 the concurrences were Price, Shauck, Crew, Summers and Spear. It therefore appears that all of the judges who concurred in the
 
 McCormick case
 
 likewise concurred in the other cases, excepting only Burket, whose term had expired and who was succeeded by Summers. After the decision of the
 
 Kassen case,
 
 and prior to the decision of the
 
 McCormick case,
 
 the case of
 
 Lake Shore & M. S. Rd. Co.
 
 v.
 
 Schade, Admr.,
 
 8 C. D., 316, was decided, which followed the syllabus in the
 
 Kassen case,
 
 and that decision was also affirmed without report in 57 Ohio St., 650, 50 N. E., 1133. The case of
 
 L. S. & M. S. Rd. Co.
 
 v.
 
 Ehlert, Admr.,
 
 10 C. D., 443, also followed the rule declared in the
 
 Kassen case,
 
 on the authority of 57 Ohio St., 650, 50 N. E., 1133. The
 
 Ehlert case
 
 was also carried to the Supreme Court, where the Circuit Court was reversed, but the reversal was distinctly placed upon other grounds. Three
 
 *59
 
 other Circuit Court decisions followed the
 
 Kassen case,
 
 all of which preceded the
 
 McCormick case. Cincinnati Street Ry. Co.
 
 v.
 
 Jenkins,
 
 11 C. D., 130;
 
 C., C., C. & St. L. Ry. Co. v. Gahan,
 
 14 C. D., 277;
 
 Lake Shore & M. S. Ry. Co. v. Callahan,
 
 15 C. D., 115.
 

 Our attention has not been called to, nor have we been able to find, a single decision of any Circuit Court or Court of Appeals making any declaration contrary to the
 
 Kassen case,
 
 except the one cited in the majority opinion in the instant case, viz.,
 
 Ross
 
 v.
 
 Hocking Valley Ry. Co.,
 
 40 Ohio App., 447, 178 N. E., 852. It is true that that case did not follow the
 
 Kassen case.
 
 It is also true that this court overruled a motion to certify the record. We must, however, protest against any opinion of any member of this court declaring that the overruling of a motion to certify constitutes an adherence “to the principle announced by the appellate court, otherwise it would have admitted and reversed the case.” The contrary of that declaration has been stated a score of times from the bench during the last few years, and in at least one opinion the bar has been advised that the overruling of a motion to certify does not amount to any declaration of legal principles. In the nature of things, it must be so, because no reason is ever announced for the overruling of a motion to certify. If, however, the pronouncement in the majority opinion relative to the case of
 
 Ross
 
 v.
 
 Hocking Valley Ry. Co.
 
 is to be accepted as a sound declaration, we call attention to the case of
 
 Taylor, Admr.,
 
 v.
 
 Ohio Electric Ry. Co.,
 
 35 C. D., 553, in which case the
 
 Kassen case
 
 was definitely and specifically followed, and this court overruled a motion to certify the record on February 11, 1918.
 

 If the
 
 Ross case
 
 was exactly similar to the
 
 Taylor case,
 
 though reaching opposite conclusions, one would offset the other as an authority, if it be admitted that either would be an authority, but the fact is that the
 
 Taylor case,
 
 which followed the
 
 Kassen case,
 
 was one
 
 *60
 
 where the plaintiff was injured at a crossing and where the obligation to maintain a lookout existed, while the
 
 Ross case
 
 was one where that obligation did not exist. The
 
 Ross case
 
 was similar to the
 
 McCormick case, supra,
 
 where the person injured was on private premises of the railway company and where there was no obligation to maintain a lookout.
 

 The majority opinion cites as authority
 
 West, Recr.,
 
 v.
 
 Gillette,
 
 95 Ohio St., 305, 116 N. E., 521. It should only be necessary to say as to that authority that the majority opinion follows the
 
 Kassen case,
 
 and the requirement of actual knowledge of plaintiff’s peril is only stated in the dissenting opinion. In any event, the
 
 Gillette case
 
 is not an authority, because there was no question in that case that defendant did discover plaintiff’s peril, and it was unnecessary to inject into the case the additional rule that he would be liable if in the exercise of ordinary care he might have discovered such peril. The majority opinion, written by Judge Johnson, is valuable because at page 311 of 95 Ohio St., 116 N. E., 522, it discusses the doctrine of last chance as a “modification of the strict and rigid rule which denies to a plaintiff under all circumstances any recovery for the negligence of a defendant, where the plaintiff has himself contributed to the injury by his own negligence.” Judge Johnson discusses several cases where it has been held that one who has the means of knowing, and who should in the exercise of ordinary care have discovered plaintiff’s peril, becomes as responsible as though he had actual knowledge. He quotes with approval 2 Thompson on Negligence (2d Ed.), Section 1629, which draws a distinction between injuries to travelers at highway crossings and injuries to trespassers upon the tracks, where they have no right to be, and where the company is not bound to maintain a vigilant lookout. More important still, he quoted the
 
 Kassen case
 
 with approval. Finally, the doctrine of last clear chance
 
 *61
 
 was not involved in that case. The doctrine was involved in
 
 Pennsylvania Co.
 
 v.
 
 Hart,
 
 101 Ohio St., 196, 128 N. E., 142, only to the extent of inquiring whether there was any evidence to support the claim of liability under that doctrine. There being no such evidence, there was no declaration in the syllabus. The opinion does not state the law. In
 
 Toledo, Columbus & Ohio River Rd. Co.
 
 v.
 
 Miller,
 
 108 Ohio St., 388, 140 N. E., 617, it is hardly correct to say that the judge who wrote that opinion disapproved the
 
 Kassen case.
 
 It is more accurate to say that he did not either approve or disapprove it. Again, the opinion does not state the law. In
 
 Drown
 
 v.
 
 Northern Ohio Traction Co.,
 
 76 Ohio St., 234, 81 N. E., 326, 10 L. R. A. (N. S.), 421, 118 Am. St. Rep., 844, the doctrine of last clear chance was directly involved, but what the court really decided was that the plaintiff could only recover upon the allegations of his petition and that he could not recover upon negligence which warrants the application of the rule of last chance without alleging it in his petition. Nevertheless Judge Davis, at page 248 of the opinion, in 76 Ohio State, 81 N. E., 328, again took occasion to discuss the distinction between those who are injured at highway crossings over railroads, and those who are upon the tracks at places where they have no legal right to be. And, again, in the opinion, Thompson on Negligence, which declares the rule of imputed knowledge, is quoted with approval. It is worthy of note that the
 
 Kassen case
 
 is also quoted with approval and that there is no mention anywhere in the opinion of the
 
 McCormick case.
 
 It cannot be said that the
 
 McCormick case
 
 was overlooked, because it is cited and quoted in the briefs of counsel for both plaintiff in error and defendant in error. Judge Davis did not think it had any application as a last chance case. In
 
 Schweinfurth, Admr.,
 
 v.
 
 C., C., C. & St. L. Ry. Co.,
 
 60 Ohio St., 215, the
 
 Kassen case
 
 is followed at page 223 of the opinion, 54 N. E.,
 
 *62
 
 89, and at page 222 of 60 Ohio State, 54 N. E., 91, Sherman & Redfield on Negligence is quoted with approval, which states the rule substantially as stated in the
 
 Kassen case.
 

 “It is not necessary that the defendant should actually
 
 know
 
 of the danger to which the plaintiff is exposed. It is enough if, having sufficient notice to put a prudent man on the alert, he does not take such precautions as a prudent man would take under similar notice. This rule is almost universally accepted.”
 

 Summing up the foregoing Ohio authorities on this subject, we must take violent issue with the majority opinion in stating that the
 
 McCormick case
 
 states the rule of the doctrine of last clear chance. The
 
 Kassen case
 
 has never been overruled and has never adequately been distinguished. In affirming at least three Circuit Court decisions without opinion, in which the rule declared in the
 
 Kassen case
 
 was followed, Ohio has definitely been placed in the list of those states holding a defendant responsible not alone for actual knowledge of plaintiff’s peril, but also for knowledge which he might have acquired by the exercise of ordinary cafe. The majority opinion states that the records of this court show that the appellate courts have less difficulty and generally adhere to the' rule requiring actual knowledge. "We are able to find three or four such authorities, but in every such instance the evidence was undisputed that the defendant had actual knowledge, and there was therefore no occasion to state the rule otherwise. We have found no appellate court decision declaring the rule of actual knowledge, except where actual knowledge was shown by the undisputed testimony. The United States Circuit Court of Appeals for the Sixth Circuit must be regarded as an Ohio authority, and we are therefore referring to the case of
 
 Robbins
 
 v.
 
 Pennsylvania Co.,
 
 245 F., 435, 441, where it is declared:
 

 “The doctrine of last clear chance takes account of
 
 *63
 
 the acts and omissions of both the person injured and the defendant, and applies only where the defendant has either actual notice
 
 or is fairly chargeable with notice of the peril of the person injured,
 
 and negligently fails to avoid the injury; but the rule never applies where the concurrent neglect of both directly contributes to the injury.”
 

 It is significant that above case was not decided until 1917, years after the
 
 McCormick case
 
 had been decided, and yet it was not cited, from which it is apparent that the Circuit Court of Appeals did not regard it as a last chance case. That court does, however, cite the case of
 
 Drown
 
 v.
 
 Traction Co., supra.
 
 Other cases declaring the rule of liability if the defendant by the exercise of ordinary care should have known of plaintiff’s danger, decided by the United States Circuit Court of Appeals for the Sixth Circuit, are as follows:
 
 Tutweiler
 
 v.
 
 Lowery,
 
 279 F., 479, decided March 17, 1922, by Judges Knappen, Denison and Donahue;
 
 Gilbert
 
 v.
 
 Erie Rd. Co.,
 
 97 F., 747, decided by Judges Lurton, Day and Thompson;
 
 Retzer
 
 v.
 
 C., C., C. & St. L. Ry. Co.,
 
 25 F. (2d), 933, decided May 8, 1928, by Judges Denison, Moorman and Knappen;
 
 Robinson
 
 v.
 
 Louisville Rd. Co.,
 
 112 F., 484, decided by Judges Lurton, Day and Wanty.
 

 The majority opinion cites several cases decided by other jurisdictions. Those cases have followed the rule requiring actual knowledge. Many other cases of a similar character could have been found. In fact no less than twelve of the states of the Union have followed that theory. On the other hand, a much larger number of cases can be found which follow the rule declared in the
 
 Kassen case,
 
 and no less than twenty-three of the states of the Union have definitely been placed in the column of those advocating liability on the ground of imputed knowledge. It must be said, therefore, that the weight of authority outside of Ohio is in favor of the doctrine of imputed knowledge. ■ By
 
 *64
 
 reason of the contradiction among the courts of last resort throughout the Union, we may turn with satisfaction to the pronouncements of the United States Supreme Court. In
 
 Kansas City Southern Ry.
 
 v.
 
 Ellzey,
 
 275 U. S., 236, at page 241, 48 S. Ct., 80, 81, 72 L. Ed., 259, it is said by Mr. Justice Stone, referring to the doctrine of last clear chance:
 

 ‘ ‘ That doctrine * * * amounts to no more than this, that a negligent defendant will be held liable to a negligent plaintiff if the defendant, aware of the plaintiff’s peril or unaware of it only through carelessness, had in fact a later opportunity than the plaintiff to avert an accident.”
 

 The doctrine of last clear chance is sometimes called “the humanitarian doctrine.”
 

 It ceases to be humanitarian when one who has negligently placed himself in a position of peril is virtually declared to be an outlaw and not entitled to the considerations of ordinary care to discover his peril before injuring him. The case of
 
 Davies
 
 v.
 
 Mann, supra,
 
 in which the doctrine found its origin, was one for damages for killing a lowly ass, the most humble of all domestic animals. Shall we be less humanitarian in applying the doctrine to the injury of human beings in this more enlightened age of complex traffic conditions ?
 

 In the majority opinion we find the following:
 

 “In order to support a pleading based on recovery after actual discovery of the peril, it is necessary to plead facts definitely giving rise to a situation permitting recovery after an awareness of peril. We see no reason why a plaintiff may not plead a case of the usual, ordinary negligence and also plead a state of facts, invoking the rule of the ‘last clear chance’ if he believes he can prove facts invoking the application of the rule. There is no inconsistency in so pleading;
 
 nor need the pleader confess his own negligence in order to invoke the rule.”
 

 
 *65
 
 It is apparent from this statement, and more especially the part in italics, that the majority opinion utterly misconceives the character of the rule itself. The doctrine of last clear chance presupposes negligence on the part of the plaintiff, and has no application where the position of peril of the person injured is not due to negligence for which plaintiff is responsible. The doctrine cannot be applied in any case where contributory negligence is not definitely put in issue by the pleadings. By all the authorities prior to the instant case, and by all text-writers without exception, it is declared to be a qualification of the doctrine of contributory negligence. We know of no better authority for the foregoing statement than
 
 Cleveland Ry. Co.
 
 v.
 
 Wendt,
 
 120 Ohio St., 197, 165 N. E., 737, and will make no further comment upon that authority than the part quoted in the majority opinion in this case:
 

 “In
 
 Cleveland Ry. Co.
 
 v.
 
 Wendt,
 
 120 Ohio St., 197, 165 N. E., 737, this court unanimously approved the following statement in its syllabus: ‘The “last clear chance” rule presupposes antecedent fault or negligence on the part of the plaintiff. ’ And citing authorities in its support, the Supreme Court of Colorado likewise held: ‘There is no place for an instruction on the last clear chance rule, where there is no contributory negligence on the part of the plaintiff.’
 
 Campion
 
 v.
 
 Eakle,
 
 79 Colo., 320, 246 P., 280, 47 A. L. R., 289.”
 

 The doctrine of last clear chance is so called because the courts have said that the person who has the last clear chance of avoiding an accident is considered in law solely responsible for the accident notwithstanding the contributory negligence of the person injured. In most jurisdictions it is a qualification of that statement that the negligence of plaintiff must have ceased and that it must not continue up to the time of the injury.
 

 
 *66
 
 We shall notice only one other declaration in the majority opinion, and that relates to the two issue rule. It is said in the fifth syllabus :
 

 “Where a general verdict is rendered finding for the plaintiff, and the trial court errs in its instructions regarding the duty of the defendant under the last chance rule, the two issue rule cannot be relied on to uphold the verdict.”
 

 Surely this cannot be the law. In the case of
 
 Knisely
 
 v.
 
 Community Traction Co.,
 
 125 Ohio St., 131, 180 N. E., 654, this court by unanimous concurrence declared that the two issue rule does apply to negligence and contributory negligence. It must therefore apply to negligence and last chance. The majority opinion is correct in saying that it cannot be relied upon in this case, because the two issue rule only applies where the verdict may rest upon either of two causes of action or defenses. In this case the verdict was for plaintiff, and the verdict could only be for plaintiff upon the jury finding both issues in plaintiff’s favor.