Day, J.
 

 We are without the benefit of an opinion of either court. However, we assume that the theory upon which the verdict was directed' and the judgment of the trial court affirmed was that plaintiff was guilty of contributory negligence as a matter of law in attempting to start her automobile instead of getting out after she discovered the interurban car approaching.
 

 Defendant contends that plaintiff, by her failure to leave the automobile at the approach of the interurban car, placed herself in a position of danger, and that this constituted contributory negligence as a matter of law, warranting a directed verdict against her.
 

 The controlling consideration, however, is not whether plaintiff was guilty of contributory negligence, but rather whether defendant became aware of plaintiff’s position of peril in time to have avoided injury by the exercise of ordinary care. If defendant could have avoided plaintiff’s injury, the doctrine of
 
 *282
 
 “last clear chance,” which was made an issue by the pleadings and supported by the evidence, must be applied in the case. Consideration of plaintiff’s negligence is material only to the extent that if it was her original negligence which placed her in a position of peril ánd such negligence continued and concurred with that of the defendant and did not cease in sufficient time for the avoidance of injury by defendant’s exercise of its “last clear chance,” then the “last clear chance” doctrine has no application; otherwise it has. Whether her original negligence continued to a point where defendant’s “last clear chance” became unavailing, or ceased in sufficient time to make defendant’s “last clear chance” effective, had it, in the exercise of ordinary care, been used, are questions of fact for the jury to determine.
 

 Even if this were a case in which the doctrine of “last clear chance” had not been invoked, or could not otherwise be applied, the question whether plaintiff was guilty of contributory negligence in remaining in the automobile in her attempt to start it would be one for the jury to determine in the light of the emergency which confronted her. Her conduct must be judged, not by what an ordinarily prudent person would have done under ordinary and normal circumstances, but what an ordinarily prudent person, faced with the same or similar emergency, and surrounded by the same or similar circumstances, would have done. The law does not exact the same degree of care and caution from a person faced with a sudden emergency that it does from one not so situated, and if a person thus situated commits an error in judgment, due allowance will be made.
 

 # # wben a person suddenly finds himself in a position of imminent peril or danger, he cannot be held to a strict account as to the course of conduct to be by him pursued to avoid injury. He is not held
 
 *283
 
 to nicety and delicacy of judgment.” 29 Ohio Jurisprudence, 568, Section 109.
 

 Under such circumstances, plaintiff’s error in judgment will not be held to constitute contributory negligence as a matter of law, and whether it constitutes contributory negligence as a matter of fact is a question for determination by the jury.
 

 The rule generally recognized is that in a case where the doctrine of “last clear chance” is applicable, plaintiff’s contributory negligence will not bar recovery if the proximate cause of his injury was defendant’s failure to seasonably exercise his “last clear chance” to avoid injury after becoming aware of plaintiff’s perilous position.
 

 “Where a plaintiff, by his own fault, has caused himself to be placed in a perilous situation, he may recover under the rule of the ‘last clear chance,’ notwithstanding his negligence, if the defendant did not, after becoming aware of plaintiff’s perilous situation, exercise ordinary care to avoid injuring him.”
 
 Cleveland Ry. Co.
 
 v.
 
 Masterson,
 
 126 Ohio St., 42, 183 N. E., 873, 92 A. L. R., 15, paragraph one of the syllabus.
 

 What does the evidence disclose?
 

 The motorman of the interurban car, on direct examination, testified that he was proceeding toward the crossing at a speed of fifty miles an hour, the maximum speed which the car could make; that the tracks were dry and not slippery; that he saw plaintiff’s automobile when he was between eleven hundred and one thousand feet east of the crossing, and plaintiff’s automobile at that time was about thirty feet from the track; that he saw the automobile drive upon the crossing and stop; that when it stopped on the track he was about seven hundred feet east thereof; that he shut off the current at a distance of eleven hundred or one thousand feet; applied the brakes and sand at approximately seven hundred feet; that he had thrown his car into reverse when he was between one hundred fifty to two hundred feet away y that his car proceeded
 
 *284
 
 a distance of one hundred ten to one hundred fifteen feet beyond the point of impact with the automobile; that at a speed of fifty miles per hour the car was capable of stopping within eight hundred to eight hundred fifty feet. The motorman admits having had his eyes upon the automobile with his view clear and unobstructed during all that time.
 

 The defendant introduced its engineer of maintenance of ways who testified that the contactor which sets the signals to operating is 1276 feet from the center line of the highway. Plaintiff testified that as she drove upon the first track the flasher lights began to work, and that she then stopped and discovered she was on the interurban track.
 

 Whether, in the light of this testimony, it can or cannot be said that he had knowledge- of plaintiff’s peril, and used, or failed to use, due care to avoid the collision, is purely a question of fact.
 

 The “last clear chance” doctrine, also sometimes referred to as the humanitarian doctrine, is invoked by courts, in proper cases, to overcome the handicaps to recovery presented by the theory of contributory negligence. However, it is not alone necessary to show that defendant had the “last clear chance,” but also that its failure to exercise it was the proximate cause of plaintiff’s injury. Whether defendant had such “last clear chance,” whether defendant used it or failed to use it, and whether defendant’s failure to use it was the proximate cause of plaintiff’s injury, are all questions of fact for the jury.
 

 This case should have been submitted to the jury, with proper instructions, under the doctrine of the “last clear chance.”
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Stephenson, Williams and Zimmerman, JJ., concur.
 

 Jones, J.? not participating.