## HIGGS v NEW YORK CENTRAL RD CO

Ohio Appeals, 6th Dist, Fulton Co

Decided June 7, 1937

## OPINION

By CARPENTER, J.

The evidence in this case consisted of the testimony of the plaintiff alone. The defendant made appropriate motions for a directed verdict which were overruled. Looking to the evidence record, we find the following facts:

Just after one o'clock P. M. September 17, 1935, a clear day, the plaintiff, driving a Ford coach type automobile sought to cross from north to south the tracks of the defendant on Shoop Street in the village of Wauseon. To the north of the first track of the defendant and parallel with and about fifteen or twenty feet from it is the single track of an interurban electric railway. East from this crossing the defendant's tracks are straight, and the view from the interurban track is unobstructed "for miles."

As plaintiff approached defendant's tracks, he looked both ways, and seeing no train approaching he proceeded across at a speed of about ten miles per hour. When he was upon the first track of defendant his motor stalled and then, for the first time he saw a train approaching from the east on that track. He tried to start his motor and failed, then looked at the train again, and "it was still then a mile" away. After continuing unsuccessful efforts to start the motor for "a minute or so," and when the train was four or five hundred feet from him, he got out of his automobile on the east side and ran back north across the interurban track and across a street which parallels it to a place thirty-five feet or more from his automobile and there waited until the train hit the automobile, completely demolishing it. Plaintiff observed that when the train was "two or three hundred feet" from the crossing it slowed down as though the brakes were being applied. At that time he was across the street and he estimated the train was traveling thirty-five or forty miles per hour. After striking the automobile and carrying it three hundred feet to the west, the train stopped.

The petition, after describing what hap-

Davis B. Johnson, Wauseon, for appellee.
Doyle & Lewis, Toledo, and F. S. & J. M. Ham, Wauseon, for appellant.

pened, says the defendant was negligent "in that it: Failed to keep a lookout ahead; failed to see said automobile stalled upon said crossing; failed and neglected to slacken the speed of the train; that the defendant, its agents and employees saw or by the exercise of due care could have and should have seen said automobile stalled upon the tracks * * * in sufficient time to have applied the brakes * * * and stopped the same before striking said automobile," and failed to do so.

The answer admits the collision occurred and that plaintiff's automobile was destroyed, but denies negligence on its part, and then contains the immaterial and unnecessary allegation "that the damages to plaintiff's automobile resulted solely from plaintiff's own fault and want of care" in going upon the track as he did.

The motion to direct a verdict being overruled, the case was submitted to a jury which returned a verdict for the plaintiff of $500. Motion for judgment notwithstanding the verdict and for a new trial were overruled and judgment entered, from which defendant appealed. The errors are the overruling of the motions to direct and for judgment, errors in the charge, and weight of the evidence. No complaint is made as to the amount of the judgment.

The cause was submitted to the jury on the issues of defendant's and plaintiff's negligence, and proximate cause. The subject of "last clear chance" is discussed in the briefs, but the charge of the court makes no mention of that doctrine and the opinion of the trial court on its overruling the motion for a new trial states that that issue is not pleaded by the plaintiff and cites paragraph three of the syllabus in Cleveland Ry. Co. v Masterson, 126 Oh St 42, 183 NE 873, 92 A.L.R. 15, and that opinion at pages 52 and 53 and the concurring opinion at page 54. To this correct reasoning we add the further thought that had "last clear chance" been properly pleaded, the evidence in this record did not warrant its submission to the jury. The only evidence tending to show when the servants of the defendant "became aware" of the presence of the automobile on the track was that the train slackened its speed when "two or three hundred feet" from the automobile, and there is no evidence that it could be stopped within that space. Under the last clear chance rule for Ohio as declared in the Masterson case, supra, the duty of the defendant to stop its train did not arise until it became aware of the danger.

The determination of the issues first turns upon the fact question of the plaintiff's negligence. If he was negligent either in going upon the track when he did or in stalling his motor or in failing to start it, he could not recover because, first, if his negligence continued to the time of collision, it barred recovery; and, second, if it ceased after his motor stalled and he could not move it off, from his standpoint, a last clear chance situation was presented, but was not available as an issue for lack of evidence as to when the defendant became aware of his danger. "The 'last clear chance' rule presupposes antecedent fault or negligence on the part of the plaintiff." Cleveland Ry. Co. v Wendt, 120 Oh St 197, 165 NE 737.

Plaintiff testified he looked before going upon the track and did not see the train approaching; he also says that after he got on the track and his motor had stalled, when he tried to start it "the train was still a mile away." If it was traveling at a fast speed, it may have been so far away he did not see it when he looked before going on the track, and the court could not say as a matter of law that his action in seeking to cross when he did was negligent. Nor could it say as a matter of law that the stalling of the motor, or his failing to start it, was negligence. These were all fact questions to be answered by the jury and from its verdict, under the charge of the court, we must conclude it found the plaintiff was not negligent.

In the absence of negligence on the part of the plaintiff, what was the duty of the defendant? It was to exercise ordinary care not to hit the automobile. In N. Y., C. & St. L. Ry. Co. v Kistler, 66 Oh St 326, 64 NE 130, we are told, 6th paragraph of the syllabus: "It is the duty of a locomotive engineer to keep a lookout on the track ahead of the train." It was a more particular duty on the part of the engineer to "keep a lookout on the track ahead" as he approached a public highway crossing in a municipality where vehicles are likely to be passing. This duty is commanded not only for the benefit of travelers on such crossings, but the safety of his train requires this care from the engineer. We can assume that the engineer did his duty in keeping a lookout. If he did so, he could see an object as large as an automobile on the crossing, if it was there when the train

was more than a mile from it, and as he approached and it did not move off, it was a warning to him to slacken his speed to a point where he could stop before hitting it. At least such a situation presented an issue of fact for the jury to determine; whether the defendant did exercise ordinary care in this respect. From this reasoning, the trial court properly overruled the motion to direct and for judgment.

An examination of the charge reveals that the court correctly submitted to the jury these issues as to the negligence of the parties and that the charge was even more favorable to the defendant than it was entitled to, hence the defendant cannot complain about errors in its favor.

In view of the fact that no evidence was offered by the defendant, and, weighing the plaintiff's evidence alone as we must, we cannot say the jury's verdict was manifestly against the weight of the evidence.

Finding no error prejudicial to the defendant, the judgment of the trial court is affirmed.

Judgment affirmed.

LLOYD, J, concurs.

OVERMYER, J, dissenting:

I think there is a total lack of proof as to both allegations of negligence submitted to the jury, viz: failure to keep a lookout, and failure to slacken the speed of the train and stop before striking the automobile.

Negligence is not to be presumed, and if any inferences of negligence arise from the record, they arise more strongly against the plaintiff, in my opinion, than against the railroad.