Frances Irene PFLUGH, Administratrix of the Estate of Charles R. Pflugh, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 11561.

United States District Court
W. D. Pennsylvania.

Feb. 21, 1956.

See also D.C., 124 F.Supp. 607.

John L. Laubach, Jr., of Rose, Rose & Houston, Pittsburgh, Pa., for plaintiff.

John A. DeMay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This Federal Tort Claims action stems from an automobile intersection collision at Ravenna Arsenal, Ohio, which was caused by the joint and concurrent negligence of the plaintiff's decedent and United States of America.

As decedent was attempting to effect a passing at an intersection, the government vehicle turned to the left without warning into the path of decedent's vehicle.

Each operator violated the provisions of the Ohio law which was a proximate cause of the accident. Ohio Revised Code, Anderson's Desk Edition, Sections 4511.28, 4511.39.

Since plaintiff's decedent was negligent, her right to recovery, if at all, must be premised upon the Last Clear Chance doctrine.

The law of Ohio governs. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 166 F.2d 908.

Under Ohio law, the following conditions are prerequisite in order to invoke the Last Clear Chance doctrine.

1. The defendant must see plaintiff and be aware of his perilous position. Cleveland Ry. Co. v. Masterson, 126 Ohio St. 42, 183 N.E. 873, 92 A.L.R. 15.

2. After becoming aware of the plaintiff in a perilous position, defendant must then have had an opportunity to avoid the accident. Cleveland Ry. Co. v. Masterson, supra.

3. The plaintiff's negligence must not be concurrent with that of defendant. Cleveland Ry. Co. v. Masterson, supra.

I cannot help but conclude that the restrictive conditions imposed by the Ohio courts necessarily exist under the circumstances of the accident:

1. The driver of the Army truck did not see the truck driven by decedent until the instant of collision.

2. The driver of the Army truck had no opportunity to avoid the collision.

3. The negligence of decedent continued to the point of impact and was concurrent with that of the driver of the Army truck in causing the collision.

I am, therefore, compelled to find that the Last Clear Chance doctrine has no application to this proceeding and that judgment must be entered in favor of the United States.