Thomas A. LARGE

v.

NEW YORK CENTRAL RAILROAD
COMPANY, a corporation,
Appellant.

No. 19030.

United States Court of Appeals,
Third Circuit.

Argued Oct. 7, 1971.

Decided April 10, 1972.

James R. Orr, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

Louis J. Grippo, Pittsburgh, Pa., for appellee.

Before KALODNER, STALEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

In the instant case the jury awarded the plaintiff Large damages of $46,500 in his diversity personal injury-property damage action against the defendant railroad.

On this appeal from the judgment entered pursuant to the jury's verdict, the defendant contends that the trial court erred (1) in denying its motion for judgment N.O.V. and (2) in instructing the jury that it could find in favor of the plaintiff under the Ohio Last Clear Chance doctrine.

The relevant facts adduced by the trial record may be summarized as follows:

The plaintiff's tractor-trailer was struck by an engine of the defendant while it was crossing the latter's tracks on Route 30, Crestline, Ohio, at noon time October 16, 1964, a bright, clear day. The plaintiff was injured and his vehicle was damaged.

Route 30 North, a two-lane highway, crosses the railroad tracks at an angle of about 63 degrees, and there are three sets of tracks at the crossing.

The sum of the plaintiff's testimony was that he approached the railroad crossing at a speed of about 5 miles per hour; he looked up and down the tracks —"both ways"; when he was 50 to 60 feet away from the tracks and "didn't see anything"; he proceeded to the tracks at a speed of about 1 mile per hour; when he reached them, he "didn't stop" but "took another look" "to the left and right" and "still seen [sic] nothing." He then "started to cross the tracks—as I was crossing the second set of tracks the train was right there—it seemed like it was on top of me—I knew he was going to hit me and I slowed, floored the truck." At another point in his testimony the plaintiff testified again that when he first saw the train "it seemed like he was right on top of me—I was on the first track—by the time he hit me I would have been on the second track, I have no way of knowing." The plaintiff also testified that he was familiar with the crossing; he had traveled on it two or three times a week for "a couple of years"; when one reached the first tracks "you can probably see a thousand feet, I don't know." The plaintiff further testified that he did not stop at any time from when he first looked 50 to 60 feet before reaching the first track until he was struck by the engine, although he could have done so at any time. .

Testimony was adduced by the plaintiff that the defendant's engine was exceeding the speed limit (which is negligence *per se* under Ohio law); warning flasher lights at the crossing were not functioning; and that the defendant's engineer and brakeman failed to take required action after discovering the plaintiff was in a perilous position.

The case was submitted to the jury on eight Special Interrogatories, six of which were addressed to the issues of negligence and contributory negligence of the parties.

The jury in answering these six interrogatories found that the plaintiff was negligent and that his negligence contributed to the occurrence of the accident, and that the defendant was negligent and its negligence contributed to the happening of the accident.

The jury also answered "[y]es" in answer to Special Interrogatory No. 7 which reads as follows:

"Could defendant have avoided the accident, notwithstanding plaintiff's contributory negligence?"

Special Interrogatory No. 8 asked:

"What damage did plaintiff sustain?" and the jury answered "$46,500."

It must be noted that on this appeal we are not concerned with the jury's findings in answer to the first six interrogatories since the plaintiff does not challenge the jury's finding that he was guilty of contributory negligence, nor does the defendant challenge the jury's findings that it was guilty of negligence which contributed to the accident. Defendant further has not challenged the jury's finding that the plaintiff sustained damages of $46,500.

The defendant's appeal challenges *only* the trial court's submission to the jury of Special Interrogatory No. 7 and the related portion of the court's charge to the jury that it could, under Ohio's Doctrine of the Last Clear Chance, award damages to the plaintiff even though it found him guilty of contributory negligence " . . . if you also find that the railroad could have avoided the accident by the exercise of due care. . . ." The defendant had taken timely exception to the submission of Special Interrogatory No. 7 and the trial court's instructions relating to Ohio's Last Clear Chance doctrine.

In instructing the jury that it was to consider and apply the Ohio Last Clear Chance doctrine the trial court said:

"Now, there is also a doctrine of Ohio law which we call the Doctrine of the Last Clear Chance and that means that if a plaintiff by his own fault has caused himself to be placed

in a perilous situation he may, nevertheless, recover notwithstanding his negligence if the defendant did not after becoming aware of the plaintiff's perilous situation, exercise ordinary care or due care to avoid injuring him. In other words, that means suppose somebody by his own fault gets up on the railroad track, suppose he is drunk and lies down to go to sleep on the railroad track and then a train comes along and if in the exercise of due care the engineer could and should have seen the drunk sleeping on the track in time to have brought the train to a stop without hitting him, then the railroad would still be liable in spite of the lack of due care, the contributory negligence of the drunk in getting on the track to sleep. In other words, the railroad would have had the last clear chance to prevent an accident. So that under Ohio law even if you find there is contributory negligence on the part of the plaintiff, nevertheless, if you also find that the railroad could have avoided the accident by the exercise of due care then under the Doctrine of the Last Clear Chance you may nonetheless find in favor of the plaintiff."

On review of the record we are of the opinion that the trial judge erred in its quoted instruction and in submitting to the jury Special Interrogatory No. 7. Further, since the jury found that the plaintiff was guilty of contributory negligence we are of the opinion that the defendant is entitled to judgment N.O. V., and that the District Court erred in ruling to the contrary.

■ The Ohio Last Clear Chance doctrine is not applicable where the contributory negligence of the plaintiff *concurs* with that of the defendant. In order for the doctrine to come into play the plaintiff's negligence must have ceased and a sufficient time must have elapsed to permit the defendant to avoid injury to the plaintiff. Lones v. Detroit, Toledo and Ironton Railroad Company, 398 F.2d 914, 920 (6 Cir. 1968), cert. den. 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d

705 (1969); Baltimore & O. R. Co. v. Joseph, 112 F.2d 518, 522 (6 Cir. 1940), cert. den. 312 U.S. 682, 61 S.Ct. 551, 85 L.Ed. 1121; Cleveland Ry. Co. v. Masterson, 126 Ohio St. 42, 183 N.E. 873, 876 (1932).

In *Lones, supra,* the Court said at page 920:

"Under Ohio law for the doctrine of last clear chance to apply, it must be shown that the defendant became aware of the plaintiff's situation in time to avoid the accident by the exercise of ordinary care. . . . *Also the evidence must show that the plaintiff's negligence did not continue and, concurrently with the defendant's negligence, contribute to the accident.*" (Emphasis supplied.)

In Baltimore & O. R. Co. v. Joseph, *supra,* the Court said at page 522, with respect to the applicability of the Ohio Last Chance doctrine:

"*That doctrine does not apply until the negligence of the injured party has ceased.*" (Emphasis supplied.)

In Cleveland Ry. Co. v. Masterson, *supra,* the Court said at page 876.:

"*It is only in those cases of prior negligence on plaintiff's part, not actively continuing to the time of injury, that the last chance rule applies.*" (Emphasis supplied.)

■ In the instant case the accident occurred in broad daylight, the plaintiff was familiar with the crossing; he could have seen 1000 feet ahead in the direction from which the engine came; he was moving at a slow speed, from 5 miles down to 1 mile per hour; he could have stopped at any time but he didn't and he was still moving when he was struck by the engine. The jury rightly held that he was guilty of contributory negligence, and the evidence, his own evidence, disclosed that he was still moving when the accident happened, so that his negligence was *concurrent* with that of the defendant.

Under these circumstances the Ohio Last Clear Chance doctrine was not applicable and the trial judge erred in in-

structing the jury with respect to that doctrine.

For the reasons stated, the judgment entered in favor of the plaintiff pursuant to the jury's verdict will be reversed and the cause remanded with directions to grant the defendant's motion for judgment N.O.V.